UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

REBECCA J. ROMAKER,

    Plaintiff,

v.                                      Case No: 6:15-cv-1667-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER[1]

Plaintiff brings this action pursuant to the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under the Act. Upon a review of the record, and after due consideration, the Commissioner's final decision is **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## I. Background[2]

Plaintiff filed for DIB on April 21, 2011, alleging an onset date of March 2, 2011 (Tr. 204-06, 231).[3] Plaintiff claimed that she was disabled due to: (1) Bulging Disc; (2) Depression; (3) Herniated Disc; (4) Cervical Spine Impairment; (5) Lumbar Spine Impairment; (6) Severe Back Pain; (7) Anxiety; (8) Panic Attacks; (9) Hypertensive

---

[1] Both parties have consented to the exercise of jurisdiction by a magistrate judge and the matter has been referred in accordance with 28 U.S.C. §636(c) and Fed .R. Civ. P. 73.

[2] The information in this section is taken from the parties' joint memorandum (Doc. 25). The Court has also considered Plaintiff's reply brief (Doc. 24).

[3] Plaintiff previously applied for DIB and her claim was denied on March 1, 2011 (Tr. 232). That decision is final and binding as to whether Plaintiff was disabled on or before March 1, 2011. See 20 C.F.R. § 404.955.

Vascular Disease/Hypertension; (10) Personality Disorder; (11) Headaches; (12) Cervical Spondylosis; and (13) Memory Impairment. (Tr. 235). Her date last insured was March 31, 2014 (Tr. 231).

Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (Tr.163-68, 171-76, 101-16). In a decision dated April 19, 2013, the ALJ found Plaintiff not disabled through the date of his decision (Tr. 81-100). The Appeals Council denied Plaintiff's request for review on December 16, 2014 (Tr.13-18). Accordingly, the ALJ's April 19, 2013 decision is the final decision of the Commissioner.

Plaintiff requested and received additional time to file a civil action for review (Tr. 1) and her Complaint was filed within this extended time (Doc. 1). Plaintiff has exhausted the available administrative remedies, and this case is properly before this Court.

## II. The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the plaintiff (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The plaintiff bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

- 2 -

Here, the ALJ performed the required five-step sequential analysis. At step one, the ALJ found that Plaintiff had engaged in substantial gainful activity during the 3rd and 4th quarters of 2011, but there was a continuous 12 month period during which she did not engage in substantial gainful activity, and proceeded with the analysis as to that time period (Tr. 86). At step two, the ALJ determined that Plaintiff had degenerative disc disease (20 CFR 404.1520(c)) (Tr. 86), but found her medically determinable mental impairment of anxiety disorder to be non-severe (Tr. 87). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526) (Tr. 90). Next, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a reduced range of light work as defined in 20 CFR 404.1567(b). Specifically, the claimant could lift and/or carry twenty pounds occasionally, ten pounds frequently, stand and/or walk for six hours, and sit for six hours in an eight-hour workday. The claimant could occasionally climb stairs, ramps, ladders, ropes and scaffolds, and stoop, kneel, crouch, balance, and crawl.

(Tr. 90).

At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a leasing agent, salesperson/advertising, and telephone solicitor (Tr. 94), and was therefore not under a disability from March 2, 2011, through the date of decision (Tr. 95).

### III. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

On appeal, Plaintiff argues that the ALJ did not properly evaluate her credibility. She also argues that the ALJ did not give proper weight to the medical opinions of her treating physician. Upon close review, neither contention is persuasive.

1. Credibility

A claimant may seek to establish that she has a disability through her own testimony regarding pain or other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). "In such a case, the claimant must show: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the

severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." Id. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Jones v. Department of Health and Human Services, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. Foote, 67 F.3d at 1562.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. 91). In making his credibility determination, the ALJ discussed the mild findings in the medical record and the medical opinions of various physicians and examiners (Tr. 87-94). The ALJ also explained:

> The claimant was not fully credible. Her activities of daily living were not those one would expect, given her complaints of disabling impairments. The claimant reported that she was able to see to her personal hygiene, activities of daily living, attend church, read, and drive. The claimant also worked a part-time job as a caregiver. Also, her treatment was not of the type expected, given her complaints of severe pain. The record showed that she mostly had conservative therapy in the form of narcotic medication. There were no recent records for physical therapy. The claimant did not undergo chiropractic care. She did not undergo surgery. A consultative examiner noted some symptom magnification (Exhibits B6F; B8F). The claimant also testified that she only wore her neck brace when the pain was severe. She said that she typically did not wear it while working as a caregiver. Further, the neck brace

- 5 -

>appeared very clean when she wore it at the hearing,
>indicating that on some level, it was not often used.

(Tr. 93).

These findings are supported by the substantial evidence the ALJ cites. Nonetheless, Plaintiff takes issue with these findings, noting that 1) "participation in everyday activities of short duration, such as housework or fishing," does not disqualify a claimant from disability, citing Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997); 2) Plaintiff did not use a lot of medication due to side effects; 3) Plaintiff testified that she did not wear the brace all the time but "only puts the neck brace on when it starts to hurt" (Doc. 25 at 21, citing Tr. 115); and 4) the ALJ failed to consider whether the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." (Doc. 25 at 22). These objections are without merit.

The ALJ properly considered Plaintiff's statements that she engaged in several activities, along with the rest of the evidence, to find that she was not as limited as she had alleged. See 20 C.F.R. § 404.1529(c)(3)(i); Macia v. Bowen, 829 F.2d 1009, 1012 (11th Cir. 1987). As noted by the Commissioner, her activities, including working as a caregiver with a work schedule of 5 days a week, 5.5 hours per day and later 3 days a week for 8 hours a day, do not constitute everyday activities of short duration. Moreover, the ALJ explicitly considered the pain standard, noting "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms ..." (Tr. 91). As for her other arguments, to the extent Plaintiff's interpretation of her testimony and the impact of her work after alleged onset amounts to an argument that other evidence or other inferences from the evidence could support a different finding, such is not the standard. "The question is not ... whether ALJ could have reasonably credited [the

claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r, of Soc. Sec., 421 F. App'x 935, 939 (11th Cir. 2011). Here, the ALJ provided a detailed analysis of the evidence of record, supplied a rationale for his findings, and these conclusions are supported by the evidence he cites. Accordingly, Plaintiff's objection is overruled.

2. Evaluation of Medical Opinion

Plaintiff contends that her RFC formulated by the ALJ conflicts with the opinions of her treating family practitioner, Dr. DeHaven. The ALJ discussed Dr. DeHaven's treatment records (Tr. 92-93) at length, and noted:

> On October 18, 2011 and February 27, 2012, Donald DeHaven, M.D., opined that the claimant could perform only sedentary work only every other day, and not over four hours a day (Exhibits B11F; B15F; B19F). This opinion was accorded little weight as it was not supported by the record or his treatment notes (Social Security Ruling 96-6p ). Objective tests showed mild findings. While the claimant complained of back pain, she was mostly neurologically intact. Sensation and strength were full. There was some reduction of reflexes at +1, however, straight leg raise was normal. The claimant also did not undergo different modalities of treatment, such as chiropractic treatment or recent physical therapy. She had conservative treatment, such as pain medication. The claimant did not undergo surgery, nor was any recommended. Additionally, the claimant testified that she worked as a caregiver twenty-four hours a week, spread over the course of three days, and that her job was light work. Thus, the claimant could work more than four hours daily, at a greater than a sedentary level.
>
> Dr. DeHaven completed a physical assessment on February 12, 2013 (Exhibit B20F). He opined that the claimant could sit, stand, and walk for one hour, in an eight-hour workday, and occasionally lift/carry up to five pounds. He stated that the claimant was unable to lift more than a gallon of milk. Dr. DeHaven indicated that the claimant was moderately limited in grasping, turning, and twisting objects with her hands, and was markedly limited in her ability to use arms for reaching. Dr. DeHaven noted that the claimant was minimally limited in

>the use of her hands for fine manipulations. He determined that the claimant would need breaks every thirty to sixty minutes for ten minutes apiece. The doctor noted that the claimant was unable to push, pull, kneel, bend, or stoop. Dr. DeHaven estimated that the claimant would be absent from work more than three times a month due to her impairments and/or treatment. This opinion was accorded little weight because it was not supported by the medical evidence record or his treatment notes (Social Security Ruling 96-2p ). The records did not support any manipulative limitations. Grip strength was normal and intact (Exhibit B8F). Her gait and station were within normal limits (Exhibits B8F; B14F/17; B16F/1, 3; B24F/1, 3, 5). Notably, the objective tests showed mild findings (Exhibit B10F/7). Her examinations were mostly normal, with only rare clinical findings of tenderness in the sacroiliac joint after a fall, and in the neck area. Moreover, her treatment was conservative. Many treatment notes consisted only of records refilling prescriptions. Further, the claimant was working at least part-time as a caregiver.

(Tr. 93-94).

Plaintiff objects to the ALJ's conclusions, contending that Dr. DeHaven's opinion was supported by Dr. Anderson's psychological evaluation and, as a treating physician, the ALJ was required to either give these opinions controlling weight or explicitly address factors such as the length of treatment, frequency of examination, nature and extent of the treatment relationship, and specialization of the treating source. 20 C.F.R. §§404.1527, 416.927. I see no error.

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. Winschel , 631 F.3d at 1178-79 (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987).) When evaluating a physician's

opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. See 20 C.F.R. §§ 404.1527(c), 416.927(c).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician *unless there is good cause to do otherwise*. See Lewis v. Callahan, 125 F.3d 1436 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). Good cause for disregarding an opinion can exist when: (1) the opinion is not bolstered by the evidence; (2) the evidence supports a contrary finding; or (3) the opinion is conclusory or is inconsistent with the source's own treatment notes. Lewis, 125 F.3d at 1440.[4]

The ALJ detailed several reasons for discrediting the opinions of disability issued by Dr. DeHaven. The ALJ found that these opinions were not supported by Dr. DeHaven's own treatment notes and were inconsistent with other specifically identified record evidence. This satisfies the standard. While the ALJ must consider all of the evidence, there is no requirement that an ALJ explicitly articulate the weight given to each of the various factors (length of treatment, frequency of examination, nature and extent of the treatment relationship, and specialization of the treating source) considered in his evaluation of each opinion. To the extent Plaintiff finds Dr. DeHaven's opinions to be

---

[4] By contrast, a consultative examiner's opinion is not entitled to the deference normally given a treating source. See 20 C.F.R. § 404.1527(c)(2); Crawford v. Comm'r, of Soc. Sec.., 363 F.3d 1155, 1161 (11th Cir. 2004) (noting a one-time examiner's opinion is not entitled to great weight). Nonetheless, all opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. See 20 C.F.R. §§ 404.1527, 416.927, and Winschel.

supported by a psychological evaluation, this is of no moment. As noted in the standard of review, the issue is not whether the evidence could support a different conclusion; the issue is whether *this* conclusion is supported. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. (internal quotation and citation omitted). Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Here, the rationale provided by the ALJ is amply supported by the substantial evidence he cites.

## V. Conclusion

Upon consideration of the foregoing:

1. The Commissioner's final decision in this case is **AFFIRMED**

2. The Clerk is directed to enter judgment accordingly and **CLOSE** the file.

**DONE and ORDERED** in Orlando, Florida on November 23, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record